UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

NICHOLAS DELGADO CASTRO, ET AL.,
  Plaintiffs,

   v.

HOSPITAL ESPANOL AUXILIO MUTUO DE
PUERTO RICO, ET AL.,
  Defendants.

Civil No. 05-1137 (HL)

**OPINION AND ORDER**

Plaintiff Nicholas Delgado Castro and his deceased mother, Angelina Castro Diaz, bring this diversity of citizenship action against Hospital Espanol Auxilio Mutuo de Puerto Rico, Inc. (the "hospital") and Dr. Cesar Gonzalez[1] pursuant to Article 1802 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 5141, alleging medical malpractice and negligence on the part of Dr. Gonzalez and the hospital for failing to properly treat Angelina Castro Diaz. Pending before the Court is Defendants' motion for summary judgment (Dkt. No. 30)[2]. Defendants move for summary judgment on the grounds that Plaintiffs failed to produce expert evidence to support their case as required by the governing Puerto Rico law for medical malpractice claims. For the reasons set forth below, Defendants' motion for

---

[1] Claims against co-defendant SIMED were previously dismissed on summary judgment (*see* Dkt. No. 29, 34).

[2] Plaintiffs filed a response in opposition to Defendants' motion for summary judgment, however the response was stricken from the record as untimely since it had been filed without leave from the Court or request for an extension of time nearly two months after the filing of Defendants' motion. *See* Order Dkt. No. 37.

summary judgment is hereby **granted**.

## BACKGROUND

Plaintiff Angelina Castro Diaz ("Castro") received medical treatment at Hospital Espanol Auxilio de Puerto Rico, Inc. in February 2004. Subsequent to said treatment, Castro was admitted to Memorial Hospital Jacksonville in Florida on February 9, 2004. She later died at the Jacksonville hospital on May 12, 2004. Plaintiffs filed the instant action on February 7, 2005 complaining of medical malpractice stemming from Dr. Gonzalez's and the hospital's treatment of Castro in February 2004.

## STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, the Court will grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine issue of fact exists if there is sufficient evidence supporting the claimed factual dispute to require a choice between the parties' differing versions of the truth at trial. *LeBlanc v. Great Am. Ins. Co.,* 6 F.3d 836, 841 (1st Cir. 1993). A fact is material only if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining if a material fact is "genuine" the Court does not weigh the facts but, instead, ascertains whether "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. "The mere existence of a scintilla of evidence in support of the [nonmoving] party's position will be

insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Id.* at 252.

In deciding a motion for summary judgment, the Court shall review the record in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmovant's favor. *LeBlanc* at 841. The party moving for summary judgment bears the initial responsibility of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the moving party has satisfied the threshold requirement, the burden shifts to the nonmoving party to present facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson* at 256. The nonmovant may not rest on mere conclusory allegations or wholesale denials. *See* Fed.R.Civ.P. 56(e); *Libertad v. Welch*, 53 F.3d 428, 435 (1st Cir. 1995). Furthermore, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

To aid the Court in the task of identifying genuine issues of material fact in the record, the District for Puerto Rico has adopted Local Rule 56 (formerly Local Rule 311.12). D.P.R. L.Civ.R 56. Local Rule 56(b) requires that a party moving for summary judgment submit in support of the motion, a separate, short, and concise statement of material facts as to which the moving party contends there is no genuine issue to be tried. The moving party shall also provide the basis of such contention as to each material fact, properly supported by specific reference to the record. *Id.; see also Leary v. Dalton,* 58 F.3d 748, 751 (1st Cir. 1995). Further, "[a] party opposing a motion for summary judgment shall

3

submit with its opposition a separate, short and concise statement of material facts. The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation . . ." D.P.R. L.Civ.R 56(c).

The Court will only consider the facts alleged in the parties' Local Rule 56 statements when entertaining the movant's arguments. *Rivera v. Telefonica de Puerto Rico*, 913 F. Supp. 81, 85 (D.P.R. 1995). Where the party opposing summary judgment fails to comply with the rule's requirements, the district court is permitted to treat the moving party's statement of facts as uncontested. D.P.R. L.Civ.R 56(c); *Alsina-Ortiz v. Laboy*, 400 F.3d 77, 80 (1st Cir. 2005). The First Circuit "has held repeatedly that the district court in Puerto Rico is justified in holding one party's submitted uncontested facts to be admitted when the other party fails to file oppositions in compliance with local rules." *Fontanez-Nunez v. Janssen Ortho LLC,* 447 F.3d 50, 55 (1st Cir. 2006) (quoting *Torres-Rosado v. Rotger-Sabat,* 335 F.3d 1,4 (1st Cir. 2003). "Parties ignore [such rules] at their peril." *Ruiz Rivera v. Riley*, 209 F.3d 24, 28 (1st Cir. 2000).

If the nonmoving party fails to file a timely opposition to the motion for summary judgment, the district court is entitled to consider the motion as unopposed and take the moving parties' statement of uncontested facts as true. *De La Vega v. San Juan Star, Inc.,* 377 F.3d 111, 116 (1st Cir. 2004); *Velez v. Awning Windows, Inc.*, 375 F.3d 35, 41-42 (1st Cir. 2004); *see also Euromodas, Inc. v. Zanella, Ltd.*, 368 F.3d 11, 14-15 (1st Cir. 2004). However, this does not automatically entitle the moving party to summary judgment. *De La Vega,* 377 F.3d at 115.

4

"The district court cannot grant a motion for summary judgment merely for lack of any response by the opposing party, since the district court must review the motion and the supporting papers to determine whether they establish the absence of a genuine issue of material fact." *Id.* (citing *Jaroma v. Massey*, 873 F.2d 17, 20 (1st Cir. 1989)). Even if the motion for summary judgment is unopposed, the moving party must meet its burden to demonstrate undisputed facts entitling it to summary judgment as a matter of law. *De La Vega*, 377 F.3d at 115-16.

On July 12, 2006, Defendant Hospital Espanol Auxilio de Puerto Rico, Inc. filed the present motion for summary judgment.[3] Pursuant to Local Rule 7.1 a response in opposition was due on or before July 26, 2006. D.P.R. L.Civ.R 7.1. This deadline came and passed, and Plaintiffs did not submit an opposition or petition the Court for a time extension. On September 18, 2006, fifty-four (54) days after the deadline, Plaintiffs filed an opposition to the summary judgment motion.[4] It is essential that a court's deadlines be followed in order to allow for the proper management of the court's caseload. *Rosario-Diaz v. Gonzalez,* 140 F.3d 312, 315-16 (1st Cir. 1998) (upholding district court's refusal to consider motion for summary judgment filed eight weeks after scheduling order deadline). For the foregoing reasons, the Court will consider Defendant's motion for summary judgment as unopposed and will accept as true all material facts set forth by Defendant with appropriate record support. *See De La Vega,* 377 F.3d at 116 (citing *Jaroma v. Massey*, 873 F.2d 17, 21 (1st Cir. 1989).[5]

---

[3]*See* Dkt. No. 30.

[4]*See* Dkt. No. 36.

[5]Plaintiffs' counsel, Arturo Luciano Delgado, states he did not comply by the Court's deadline because his client was depressed and he did not want to approach his client regarding the lawsuit. This explanation does little to excuse counsel's lack of case management. It was Plaintiff's counsel's responsibility to file a summary judgment response, not the responsibility of

## DISCUSSION

It is well settled principle that the substantive state law of the forum state applies in federal diversity actions. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 92 (1938); *Daniels-Reico v. Hospital del Maestro*, 109 F.3d 88, 90 (1st Cir. 1997). Under the Puerto Rico Civil Code "[a] person who by an act or omission causes damage to another through fault or negligence shall be obligated to repair the damage so done." 31 L.P.R.A. § 5141 (1991). To establish a prima facie medical malpractice claim a plaintiff must show (1) the duty owed (i.e., the minimum standard of professional knowledge and skill required in the relevant circumstances), (2) an act or omission transgressing that duty, and (3) a sufficient causal nexus between the breach and the claimed harm. *Cortes-Irizarry v. Corporacion Insular De Seguros*, 111 F.3d 184, 189 (1st Cir. 1997).

Puerto Rico holds health care professionals to a national standard of care. *Cortes-Irizarry* at 190. A "a health care provider has 'a duty to use the same degree of expertise as could reasonably be expected of a typically competent practitioner in the identical specialty under the same or similar circumstances, regardless of regional variations in professional acumen or level of care'." *Id.* (quoting *Rolon-Alvarado v. San Juan*, 1 F.3d 74, 77 (1st Cir. 1993)). "There exists always a presumption that the treating physicians have observed a

---

his client. Moreover, Plaintiff's counsel was solely responsible for abiding by filing deadlines, or a the very least for simply filing a motion requesting an extension of time. Inexplicably he did nothing.

reasonable degree of care in the process of giving medical attention and treatment." *Del Valle Rivera v. United States*, 630 F. Supp. 750, 756 (D.P.R. 1986). Significantly, because Puerto Rico law presumes that physicians exercise reasonable care, in order to establish a breach of a physician's duty of care **a plaintiff must provide expert testimony**. *Cortes Irizarry* at 190. (emphasis added). Such testimony is needed to demonstrate the minimum standard and to confirm that the defendant doctor failed to meet it. *Id.*

To establish the causation prong of a medical malpractice claim, a plaintiff also must provide competent evidence. *Id.* "A jury normally cannot find causation based on mere speculation and conjecture; **expert testimony is generally essential**." *Nieves v. Hospital Metropolitano,* 998 F. Supp. 127, 137 (D.P.R. 1998) (citing *Rolon-Alvarado v. San Juan*, 1 F.3d 74, 78 (1st Cir. 1993)).

In the instant matter the Court clearly articulated a discovery deadline for naming experts and providing expert reports. The Court ordered that "[p]laintiffs shall designate experts and provide Rule 26(a)(2)(B) information by March 4, 2006". Dkt. No. 15. An overall discovery deadline was set for July 3, 2006. *Id.* As of July 12, 2006, when the current motion was filed, Plaintiffs had named no medical expert nor provided any expert reports or evidence. As such, the Court concludes that no expert witness shall be utilized in this case[6]. *See Serrano-Perez v. FMC Corp.,* 985 F.2d 625, 628 (1st Cir. 1993) (excluding

---

[6]Plaintiffs claim in their belated motion for leave to reply to the summary judgment motion that they have, in fact, found an expert. (See Dkt. No. 35). Even if the Court, out of generosity, were to consider this extremely late proffer, Plaintiffs still provide no names, identifying information, or expert report in support of their claims. Shockingly, Plaintiffs' counsel again attempts to blame this breach on his client. The Court cannot see how his client's

expert witness obtained beyond deadline from the case). The Court need not tarry. Without expert evidence Plaintiffs cannot establish certain critical elements of their claim. Specifically, they cannot establish the standard of care owed by the treating physicians nor can they show that said standard was breached. Additionally, there is no evidence to support the contention that there was the necessary causation between a breach, if any, and the harm claimed.

Accordingly, medical malpractice and negligence claims asserted under Article 1802 of the Puerto Rico Civil Code are hereby **dismissed** due to Plaintiff's inability establish a claim.

## CONCLUSION

In view of the aforementioned, the Court hereby **grants** Hospital Espanol Auxilio Mutuo de Puerto Rico, Inc.'s motion for summary judgment. Judgment dismissing this case shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, October 27, 2006.

S/ HECTOR M. LAFFITTE
Senior United States District Judge

---

depression is at all related to counsel's inattention to this case, failure to retain expert witnesses, and complete lack of regard for scheduling deadlines. Nevertheless, a client is held accountable for his attorney's conduct. *See Rosario-Diaz v. Gonzalez,* 140 F.3d 312, 315 (1st Cir. 1998) ("[A]s a general rule an attorney's blunder binds her client.")